**In re Jerry Lee GILLEY, d/b/a Gilley Farms, Debtor.**

**Jerry Lee Gilley, Appellant,**

**v.**

**Farm Service Agency, U.S. Dep't of Agriculture f/k/a Farmer's Home Administration, Appellee.**

**In re Doris Gilley, Debtor.**

**Doris Gilley, Appellant,**

**v.**

**Farm Service Agency, U.S. Dep't of Agriculture f/k/a Farmer's Home Administration, Appellee.**

Nos. 99–716–CIV–T–26A, 99–717–CIV–T–26A.

United States District Court, M.D. Florida, Tampa Division.

June 22, 1999.

Bernard Jay Morse, IV, Morse, Berman & Gomez, P.A., Tampa, FL, for appellants.

Jennifer S. Ebanks, Lori A. Heim, Mason & Associates, P.A., Clearwater, FL, for appellee.

### ORDER

LAZZARA, District Judge.

The Appellants, Doris Gilley and Jerry Gilley (the Gilleys), challenge in this consolidated appeal the bankruptcy court's determination that the settlement proceeds they each received from a third party as a consequence of property damage caused to their homesteaded farm lands by the application of a substance manufactured by the third party constituted security for the mortgage liens of the Appellee, Farm Service Agency (FSA).[1] The parties agree that because there are no factual disputes this Court's role in the appeal is limited to a de novo review of whether the bankruptcy court's determinations of law are correct. See In re Goerg, 930 F.2d 1563, 1566 (11th Cir.1991) (in a bankruptcy appeal a district court must subject the bankruptcy court's determinations of law to de novo review).

After carefully considering the record, the bankruptcy court's orders, the briefs of the parties, and the governing law, this Court concludes that the bankruptcy court's legal determinations that (1) the proceeds of the Gilleys' settlements with the third party constituted security for the obligations owed to the FSA and (2) the FSA is entitled to an equitable lien on the proceeds are legally well founded. Those determinations are therefore affirmed, and the Court adopts by reference and incorporates in this order the bankruptcy court's rationale.

In deciding to affirm the bankruptcy court's orders, this Court was persuaded by FSA's argument that it is incongruous for the Gilleys to contend that, on the one hand, the settlement proceeds were inextricably intertwined with the property to the extent that the proceeds were entitled to homestead exemption status, a contention with which the bankruptcy court agreed in a separate order, but, on the other hand, the settlement proceeds were not so tied to the property for purposes of being covered by FSA's mortgage liens.[2]

---

1. The Court dispenses with oral argument pursuant to Federal Rule of Bankruptcy Procedure 8012(3).

2. The Court notes that because the Gilleys did not file a reply brief it does not have the benefit of their response to this argument.

In line with this argument, the bankruptcy court recognized that for the sake of consistency it was necessary to conclude "that the settlement proceeds are subject to the lien of the homestead mortgagee to the extent of the mortgage debt" after it had agreed with the Gilleys that the same proceeds were exempt from the claims of unsecured creditors and claims pursuant to Florida's constitutional exemption for homestead property. This Court has no hesitancy in affirming such a legally correct and consistent result.

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED** as follows:

1) The orders of the bankruptcy court are affirmed.

2) The Clerk is directed to close this case.